JOE SHIELDS IN PRO PER
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603
Email: antitelemarketer@gmail.com

United States Courts
Southern District of Texas
FILED

SEP 23 2022

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOE SHIELDS | ) CIVIL ACTION No. _____ |
| Plaintiff | ) |
| vs. | ) |
| ROBERT FRANCIS O'ROURKE INDIVIDUALLY, BETO FOR TEXAS AND TOSKR Inc. | ) COMPLAINT FOR CIVIL DAMAGES AND PERMANENT INJUNCTIVE RELIEF |
| Defendants | ) JURY TRIAL REQUESTED |

ORIGINAL COMPLAINT

Plaintiff Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991), the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200, Texas Business and Commerce Code (hereinafter "TB&CC") §305.053 and the Common Law Tort of Trespass to Chattels (Restatement (2nd) of Torts §217) and Intrusion Upon Seclusion (Restatement of the Law, Second, Torts, §652) to obtain statutory civil damages, treble damages, exemplary damages, injunctive relief and all other equitable relief the Plaintiff is entitled to under the TCPA, TB&CC and Common Law.

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(b)(3) and 28 USC §1357. Federal Courts have federal question jurisdiction, 28 USC §1331, because this case is about a cause of action created by a federal statute namely 47 U.S.C. §227(b)(3). Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 47 U.S.C. §227.

2. This court has personal jurisdiction over the Defendant Robert Francis O'Rourke (hereinafter "O'Rourke") because he resides in this state and the violations of Federal and State law and the Common Law torts of Trespass to Chattels and Intrusion Upon Seclusion were committed by or behalf of the Defendant O'Rourke and were committed in this district.

3. Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in Harris County, Texas.

ARTICLE III STANDING

4. Plaintiff has suffered concrete injuries through the making of an unwanted and unauthorized text message to Plaintiff's personal cellular telephone number. An unwanted and unauthorized text message negatively affects Plaintiffs privacy.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

5. The prerecorded calls to Plaintiff's cellular telephone number physically invaded Plaintiff's privacy, caused Plaintiff a loss of his time, usurped his right to peacefully enjoy his private property, commandeered Plaintiff's wireless service and by doing so caused Plaintiff lost value of the cellular service he pays for including wear and tear to Plaintiff's cellular phone data, memory, software, hardware and a drain on battery components amongst other harms.

6. Plaintiff has suffered physical injury from the prerecorded calls that physically invaded his privacy, usurped his right to peacefully enjoy his private property and commandeered Plaintiff's wireless service Plaintiff pays for. Plaintiff's concrete injuries are redressable by rulings of this Court to grant damages and injunctive relief.

## PLAINTIFF

7. Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a cellular telephone subscriber and has had his current cell phone number since April of 2013. Plaintiff's is the account holder of the cell phone service. Plaintiff and his family members have never had more than one cellular telephone number at any given time. Plaintiff's cell phone number is 281-70X-XXXX and his spouse's cell phone number is 281-46X-XXXX.

8. Prior to the events complained about Plaintiff did not know the Defendants nor did Plaintiff have any dealings with the

Defendants. Plaintiff never provided prior express consent to the Defendants or anyone acting in concert with the Defendants to make text message calls to Plaintiff's personal cellular telephone number 281-704-XXXX. Plaintiff has never entered his cell phone number on any web site as an agreement for text message calls to be made to his personal cell phone number.

9. Defendant O'Rourke is an individual. The Defendant O'Rourke is a politician and businessman currently seeking to become the Governor of Texas. The Defendant O'Rourke may be served by serving him at his personal residence, any of his offices or his attorney.

10. Beto For Texas is a political PAC whose only purpose is to support Defendant O'Rourke's attempt to become governor of Texas. Defendant Beto for Texas may be served by serving their registered agent Christopher Koob at the address provided to the Texas Secretary of State.

11. Toskr Inc. is a Delaware corporation registered with the Texas Secretary of State to do business in Texas. The Defendant Toskr is a text message blaster whose service was used to make the unwanted and unauthorized text message to Plaintiff's personal cell phone number. The Defendant Toskr may be served by serving its Texas registered agent Paracorp Inc. at the address provided to the Texas Secretary of State.

DEFENDANTS TEXT MESSAGE

12. The cellular telephone network is not a public switched telephone network ("PSTN"). The telephones used in a PSTN were predominately owned by the carrier. In a cellular network individual consumers own the telephones. Thus, unwanted and unauthorized text message calls intrude upon private property, invade the privacy of the cell phone owner, inconveniences the recipient of the text message who have to deal with it and takes up space on the recipients cell phone which cannot be used for other purposes until the space is cleaned up by the cell phone owner.

13. The Defendants O'Rourke and Beto for Texas working in concert with the Defendant TOSKR used an especially pernicious form of advertising to promote Defendant O'Rourke's political agenda: the transmission of unwanted and unauthorized text messages to consumer's cellular telephone numbers throughout this district without prior express consent of the recipients of the text messages with complete disregard of anyone's rights.

14. These text message are made en masse to hundreds of thousands if not millions of recipients who have never provided prior express consent to the Defendants for such text message calls to be made. These text message calls are made by or on behalf of the Defendants O'Rourke and Beto for Texas.

15. The unwanted and unauthorized text message was made to Plaintiff's cellular telephone number 281-46X-XXXX on September

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

10th, 2022 at 10:51 a.m. from the number 3465121404. That number is constantly busy but nevertheless a working number. The text message states:

> "Hi Joe, this is Beto for Texas. Beto is running for governor to fully invest in our kids' schools, raise the statewide minimum wage, and expand Medicaid to ensure every Texan can get the care they need. Can we count on your vote for Beto in the upcoming election? STOP=opt out."

16. The invasion of privacy was made even more egregious because the text message made on behalf of the Defendants O'Rourke and Beto for Texas was made after Plaintiff's multiple demands to cease such behavior. The Plaintiff has made every possible attempt to put a stop to the unwanted and unauthorized text messages including communicating his demand to stop the text messages with Defendant O'Rourke's attorney. In a letter to the Plaintiff Defendant O'Rourke's attorney stated: "…you will not be contacted again."

17. The text messaging call system used by the Defendants does not use personal or individual cell phones. The system is set up to look like individuals manually enter and send the text messages. That may be so on the surface but the underlying technology used by the Defendants fits the definition of automatic telephone dialing system. The system was set up to blast as many as two (2) text message calls per second which is exactly what Congress was addressing with the TCPA's prohibition on automatic dialers.

18. The actual dialing of the cell number is completely automated. A click monkey is presented with a steady stream of cell phone numbers and a send button for each cell phone number. The clicker than clicks on send whereupon the system automatically dials the cell phone numbers presented automatically to the clicker.

19. No live conversation ever occurs with these clicker monkeys. Plaintiff texted a reply of "Who is this?" and approximately 7 hours and 23 minutes later Plaintiff received a response from someone claiming to be a volunteer with Beto for Texas.

## THE TCPA

20. Text messages are "automatically dialed calls" as defined by the TCPA, the Federal Communications Commission (hereinafter "FCC) and all the courts that have had the opportunity to entertain similar claims. Text messages are indistinguishable from artificial or prerecorded voice calls. The TCPA's prohibition on artificial or prerecorded voice calls to cell phone numbers applies to text message calls as well.

21. Recently, entities seeking to circumvent the TCPA have claimed that an automatic telephone dialing system must be used to make text message calls to be regulated by the TCPA. Entities such as the Defendants use volunteers to click on telephone phone numbers loaded on an automatic dialing device. Such an attempt to circumvent the TCPA belies the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

fact that the TCPA does not contain a human intervention exemption. All artificial or prerecorded voice calls including text message calls made to cellular telephone numbers are prohibited by the TCPA without consent of the called party or emergency purpose **no matter how the text message call is made or received** (emphasis added).

22. But then inserting a human to make one step of an automated process does not convert the system into a manually dialed telephone system. Further, the TCPA was created to regulate automated calls to cell phone numbers which include text messages calls and not just automatically dialed telephone calls to cellular telephone numbers.

23. Plaintiff believes that the automated system used by the Defendants are simply employing individuals to repeatedly click on a list of cell phone numbers as a means to circumvent the TCPA. No live conversation ever occurs. The cellular telephone numbers downloaded into the text message system are purchased in bulk form and made available in bulk form to the click monkey who then clicks on "send" as much as 300 times per hour. This is exactly the behavior the TCPA prohibits.

24. The Defendants purchased lists of every Texas cell phone number they could get their hands on and then released a tsunami of text messages targeting those numbers without

prior express consent of the called party. For those with limited income who pay for each text message the Defendants behavior was the same as if the Defendants snatched a dime from every Texan's pocket. Making people pay for a political text message campaign is not only abhorrent it is a violation of many civil and criminal laws of this country.

25. The proscription on text messages without consent of the called party or an emergency purpose applies to **all** (emphasis added) text messages regardless of how the text message is made, is received or the merit of the message. That includes text message calls for political and even charity purposes. Defendant was placed on notice about such a proscription in an advisory made public by the FCC on September 11th, 2012 (DA 12-1476), on October 21st, 2014 (DA 14-1505), on March 14th, 2016 (DA 16-264) and again on November 18th. 2016 (DA 16-1299). Additionally, the FCC maintains a web page with the same proscriptions[1].

26. It should be noted that the advisories specifically include text messages: "(including autodialed live calls, prerecorded or artificial voice messages, **and text messages**)" (emphasis added). Note that the FCC distinguishes between autodialed live calls and text message calls.

---

[1] Available at: https://www.fcc.gov/rules-political-campaign-calls-and-texts

27. The only two exemptions in the TCPA are prior express consent of the called party or an emergency purpose. And neither exemption applies to Defendant O'Rourke's unwanted and unauthorized text message. There was never any consent from the called party and the text message calls were not made for any emergency purpose.

28. The Defendant O'Rourke need not be the one that actually initiated the text message calls to Plaintiff's cellular telephone number to be liable for the violation(s) of the TCPA. The TCPA, the FCC and the courts consider those on whose behalf a violation of the TCPA occurred to be liable for such violation(s). This is a wholly reasonable assessment of the statutory schema, given that Congress found that such calls are an inconvenience, an invasion of privacy, a threat to public safety and cost the recipient both time and money. Further, Defendant O'Rourke has authorized his campaign to act on his behalf and has ratified his liability by accepting the rewards from his campaign that is intentionally trying to circumvent the TCPA, trespassing on private property and invading the privacy of the recipients of the text message calls.

## TEXAS BUSINESS AND COMMERCE CODE

29. TB&CC §305.053 provides for a separate private right of action for the receipt of a communication which violates **any** of the rules of the TCPA or **any** provision under the CFR implementing the TCPA. Unwanted and unauthorized text messages made to cellular telephone numbers without prior express consent of the called party or an emergency purpose are an invasion of the called party's privacy a quantifiable and actionable injury under TB&CC §305.053.

1. The Texas Statute prohibition on text messages without consent of the called party or an emergency purpose applies to all text messages regardless of content. Because the TB&CC provides for a private right of action for any violation of the TCPA[2], including identification requirements, the TB&CC is more restrictive then the TCPA.

## COMMON LAW

### TRESPASS TO CHATTEL

30. A trespasser is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise. Restatement (2nd) of Torts, §217. The element for a claim of trespass to chattels is an intentional interference with another person's lawful possession of a personal and private property. In

---

[2] The TB&CC private right of action applies to even 1 unwanted telemarketing call in a twelve month period.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

order to have a trespass to chattel claim, one is required to show that there was an intent to trespass on private property, there was no consent to trespass and the trespass dispossessed the owner of the chattel, used or meddled with the chattel belonging to another person and interfered with the chattel belonging to another person. Generally an entity will be held liable for a trespass to chattel if the entity dispossessed the private property of the rightful owner without consent of the rightful owner.

## INTRUSION UPON SECLUSION

31. One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person. Restatement (2nd) of Torts, §652B. The element for a claim of intrusion to seclusion is an intentional intrusion upon seclusion, the intrusion is highly offensive to a reasonable person and the intrusion caused anguish or suffering. Liability attaches to the intrusion itself.

## VIOLATIONS OF THE TCPA

32. Plaintiff realleges and incorporates the allegations above as though fully set forth herein.

Count I

1. On or about April 2nd, 2018 at or about 07:01 p.m. an unwanted and unauthorized text message call was made to Plaintiff's cellular telephone number 281-467-XXXX. The text message call was made by or on behalf of the Defendant O'Rourke. There was never any prior express consent from the Plaintiff for such a text message call to be made to Plaintiff's cellular telephone number. Thus the initiation of such text message call is a violation of 47 U.S.C. (b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii).

### Count II

2. On or about May 19th, 2018 at or about 03:39 p.m. an unwanted and unauthorized text message call was made to Plaintiff's cellular telephone number 281-467-XXXX. The text message call was made by or on behalf of the Defendant O'Rourke. There was never any prior express consent from the Plaintiff for such a text message call to be made to Plaintiff's cellular telephone number. Thus the initiation of such text message call is a violation of 47 U.S.C. (b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii).

### VIOLATIONS OF THE TB&CC

### Count III

3. On or about April 2nd, 2018 at or about 07:01 p.m. an unwanted and unauthorized text message call was made to Plaintiff's cellular telephone number 281-467-XXXX. The text message call was made by or on behalf of the Defendant O'Rourke. There was never any prior express consent from the Plaintiff for such a text message

call to be made to Plaintiff's cellular telephone number. Thus the initiation of such text message call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

### Count IV

4. On or about May 19th, 2018 at or about 03:39 p.m. an unwanted and unauthorized text message call was made to Plaintiff's cellular telephone number 281-467-XXXX. The text message call was made by or on behalf of the Defendant O'Rourke. There was never any prior express consent from the Plaintiff for such a text message call to be made to Plaintiff's cellular telephone number. Thus the initiation of such text message call is a violation of 47 U.S.C. (b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii).

### COMMON LAW TORTS

### Count V

### Trespass to Chattels

5. The Defendants acting in concert intentionally interfered with and trespassed upon Plaintiff's lawful possession of his personal property. Plaintiff's cell phone was purchased directly from the cell phone manufacturer and not from any wireless carrier. Plaintiff is the owner and rightful possessor of the cell phone that was targeted by the Defendants with their unwanted and unauthorized text message calls.

6. The Defendants acting in concert did not have Plaintiff's consent to trespass upon and seize Plaintiff's cell

phone with their unwanted and unauthorized text message calls. The Defendants acting in concert unlawfully seized Plaintiff's cell phone for their own personal use by converting Plaintiff's cell phone into Defendant's political advertising platform without Plaintiff's consent.

7. The Defendants acting in concert dispossessed Plaintiff of his property by occupying Plaintiff's cell phone and placing upon Plaintiff's private property multiple unwanted and unauthorized advertisements which used up time and space on Plaintiff's cell phone. Plaintiff's time cannot be taken back – once used it is gone. The unwanted and unauthorized text message calls occupy space on Plaintiff's cell phone without consent.

8. Plaintiff suffered damages from Defendants trespass to chattels including, but not limited to, costs for disk space, costs for wireless telephone service, deprivation of use of Plaintiff's private property and the taking of Plaintiff personal time and maintenance costs in dealing with Defendant's unwanted and unauthorized text message calls. Thus, under Restatement (2nd) of Torts §217 Plaintiff is entitled to his actual damages and exemplary damages for Defendant's oppressive and grossly reckless behavior in the taking of Plaintiff's property for Defendant's own purposes.

## Count VI

### Intrusion upon Seclusion

9. Defendants acting in concert intentionally intruded upon the solitude and seclusion of the Plaintiff with their unwanted and unauthorized text message calls. Defendant's intrusion upon Plaintiff's solitude and seclusion is highly offensive to any reasonable person. Defendants acting in concert did not care where Plaintiff was or what Plaintiff was doing when the targeted Plaintiff's cell phone number with their unwanted and unauthorized text message calls.

10. The Defendants acting in concert purchased lists of cellular telephone numbers and blasted impersonal text message calls to members of the public whose cell phone numbers were on the purchased lists. Plaintiff was in his Harvey flooded home doing repairs on his home when the Defendants targeted Plaintiff's cell phone number with their unwanted and unauthorized text message calls. Additionally, Plaintiff's spouse of 26 years questioned Plaintiff why strange women were texting the Plaintiff. Consequently, the Defendant's unwanted and unauthorized text message calls interfered with the Constitutional guarantee to everyone in the country of domestic tranquility. Thus, under Restatement (2nd) of the Law §652 Plaintiff is entitled to his actual damages and exemplary damages for Defendant's oppressive and grossly reckless behavior in intruding upon Plaintiff's solitude and seclusion.

APPLICABLE TO ALL COUNTS

11. Plaintiff has suffered actual damages for the invasion of Plaintiff's privacy caused by the unwanted and unauthorized text message calls to his cellular telephone number. The TCPA and TB&CC each state that an individual may bring a civil action against a person who violates the TCPA for actual or statutory damages for **each** violation of the TCPA. See 47 U.S.C. §227(b)(3) and TB&CC §305.053. Consequently, Plaintiff hereby seeks statutory damages of $500.00 for each violation of the TCPA and $500.00 for each violation of the TB&CC. Thus, Plaintiff seeks $2,000.00 for counts I (1) through count IV (4) for violations of the TCPA and the TB&CC. Additionally, for counts V (5) and Count VI (6) Plaintiff seeks actual and/or exemplary damages for the common law torts of trespass upon chattels and invasion of privacy in an amount that will deter the Defendants from engaging in similar behavior in the future. Plaintiff believes a fair deterrent amount to be at least ten thousand ($10,000) dollars for each tort committed by the Defendants.

12. Plaintiff additionally alleges that the violations of the TCPA, TB&CC and Common Law Tort of Trespass to Chattels and Invasion of Privacy committed by the Defendant were done willfully and/or knowingly. Certainly, the false claims that Defendant O'Rourke's text message calls are exempt from the TCPA exemplifies specific knowledge of the TCPA and a willful and knowing attempt to circumvent not only the TCPA but also to

willfully and knowingly interfere with Plaintiff's right to peacefully enjoy his property and to willfully and knowingly trespass upon Plaintiff's private property. Pursuant to 47 U.S.C. (b)(3), TB&CC §305.053(c) and black letter law on Invasion of Privacy and Trespass to Chattels Plaintiff seeks additional damages in an amount determined by the Court to be equal to treble the amount found by the Court in accordance with Paragraph 39 hereof.

PERMANENT INJUNCTIVE RELIEF

13. An injunction is a matter of law pursuant to 47 U.S.C. §227(b)(3)(A), TB&CC §305.053 and Common Law. Plaintiff and members of the public will benefit from injunctive relief.

14. Plaintiff alleges that Defendant(s) will continue to irreparably harm Plaintiff and others by continuing to make unwanted and unauthorized text message calls to Plaintiffs' and other members of the public's cellular telephone numbers without prior express consent of the called party. Plaintiff alleges that Defendant(s) will continue to irreparably harm Plaintiff and others by trespassing on private property without consent of the property owner. Plaintiff alleges that Defendant(s) will continue to irreparably harm Plaintiff and others by oppressively and recklessly invading the privacy of members of the public.

15. Consequently, Plaintiff, pursuant to 47 U.S.C. §227(b)(3)(A), TB&CC §305.053 and/or Common Law hereby seeks a permanent injunction barring the Defendants from continuing to violate the TCPA by:

   a. Making or assisting, facilitating, permitting or causing text message calls to the cellular telephone numbers of members of the public without 1st obtaining prior express consent of the recipient of the call.

   b. Making or assisting, facilitating, permitting or causing text message calls to the cellular telephone numbers of members of the public without including in the text message call a means to opt out of the text message calls.

   c. Invading the private property of any individual by making unsolicited text message calls to members of the public without consent of the called party.

   d. Taking private property of an individual by making unsolicited text message calls to members of the public without consent of the called party.

## PRAYER FOR RELIEF

16. WHEREFORE, premises considered, Plaintiff prays that the Defendants be cited to appear and answer herein and that upon trial hereof Plaintiff recover a judgment of and from the Defendant for his damages as allowed by law, treble damages, as

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

allowed by law, injunctive relief as allowed by law, all costs of court and for all such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

*/s/ Joe Shields*

Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603