JOE SHIELDS IN PRO PER
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603
Email: antitelemarketer@gmail.com

United States Courts
Southern District of Texas
FILED

SEP 26 2022

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOE SHIELDS | CIVIL ACTION No. 3:22-cv-00356 |
| Plaintiff | |
| vs. | |
| ROBERT FRANCIS O'ROURKE INDIVIDUALLY, BETO FOR TEXAS AND TOSKR Inc. | COMPLAINT FOR CIVIL DAMAGES AND PERMANENT INJUNCTIVE RELIEF |
| Defendants | JURY TRIAL REQUESTED |

<u>1st AMENDED ORIGINAL COMPLAINT</u>

Plaintiff Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991), the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200 and Texas Business and Commerce Code §305.053 (hereinafter "TB&CC") to obtain statutory civil damages, treble damages, injunctive relief and all other equitable relief the Plaintiff is entitled to under the TCPA and the TB&CC.

<u>JURISDICTION AND VENUE</u>

1. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(b)(3) and 28 USC §1357. Federal Courts have federal question jurisdiction, 28 USC §1331, because this case is about a cause of action created by a

1 of 18
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

JOE SHIELDS IN PRO PER
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603
Email: antitelemarketer@gmail.com

United States Courts
Southern District of Texas
FILED

SEP 26 2022

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOE SHIELDS | CIVIL ACTION No. 3:22-cv-00356 |
| Plaintiff | |
| vs. ROBERT FRANCIS O'ROURKE INDIVIDUALLY, BETO FOR TEXAS AND TOSKR Inc. | COMPLAINT FOR CIVIL DAMAGES AND PERMANENT INJUNCTIVE RELIEF |
| Defendants | JURY TRIAL REQUESTED |

<u>1st AMENDED ORIGINAL COMPLAINT</u>

Plaintiff Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991), the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200 and Texas Business and Commerce Code §305.053 (hereinafter "TB&CC") to obtain statutory civil damages, treble damages, injunctive relief and all other equitable relief the Plaintiff is entitled to under the TCPA and the TB&CC.

<u>JURISDICTION AND VENUE</u>

1. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(b)(3) and 28 USC §1357. Federal Courts have federal question jurisdiction, 28 USC §1331, because this case is about a cause of action created by a

federal statute namely 47 U.S.C. §227(b)(3). Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 47 U.S.C. §227.

2. This court has personal jurisdiction over the Defendant Robert Francis O'Rourke (hereinafter "O'Rourke") because he resides in this state and the violations of Federal and State law were committed by or behalf of the Defendant O'Rourke in this district.

3. Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in Harris County, Texas.

## ARTICLE III STANDING

4. Plaintiff has suffered concrete injuries through the making of an unwanted and unauthorized text message to Plaintiff's personal cellular telephone number. An unwanted and unauthorized text message is a public nuisance that negatively affects Plaintiffs privacy.

5. The text message to Plaintiff's personal cellular telephone number physically invaded Plaintiff's privacy, caused Plaintiff a loss of his time, usurped his right to peacefully enjoy his private property, commandeered Plaintiff's wireless service and by doing so caused Plaintiff lost value of the cellular service

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

he pays for including wear and tear to Plaintiff's personal cell phone data, memory, software, hardware and a drain on battery components amongst other harms.

6. Plaintiff has suffered physical injury from the text message that physically invaded his privacy, usurped his right to peacefully enjoy his private property and commandeered Plaintiff's wireless service Plaintiff pays for. Plaintiff's concrete injuries are redressable by rulings of this Court to grant damages and injunctive relief.

## PLAINTIFF

7. Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a cellular telephone subscriber and has had his current cell phone number since April of 2013. Plaintiff's is the account holder of the cell phone service. Plaintiff has never had more than one cellular telephone number at any given time.

8. Prior to the events complained about Plaintiff did not know the Defendants nor did Plaintiff have any dealings with the Defendants other than making a demand that such text messages cease. Plaintiff never provided prior express consent to the Defendants or anyone acting in concert with the Defendants to make text message calls to Plaintiff's personal cellular telephone number 281-704-XXXX. Plaintiff has never entered his cell phone number on any web site as an agreement for text

messages or robocalls to be made to his personal cell phone number.

## DEFENDANTS

9. Defendant O'Rourke is an individual. The Defendant O'Rourke is a politician and businessman currently seeking to become the Governor of Texas. The Defendant O'Rourke may be served by serving him at his personal residence, any of his offices or by serving his legal representative.

10. Defendant Beto For Texas is a political PAC whose only purpose is to support Defendant O'Rourke's attempt to become governor of Texas. Defendant Beto for Texas may be served by serving their registered agent Christopher Koob at the address provided to the Texas Secretary of State.

11. TOSKR Inc. is a Delaware corporation registered with the Texas Secretary of State to do business in Texas. The Defendant TOSKR is a text message blaster whose service was used to make the unwanted and unauthorized text message to Plaintiff's personal cell phone number. The Defendant TOSKR may be served by serving its Texas registered agent, Paracorp Inc., at the address provided to the Texas Secretary of State.

## DEFENDANTS TEXT MESSAGE

12. The cellular telephone network is not a public switched telephone network ("PSTN"). The telephones used in a PSTN were predominately owned by the carrier. In a cellular network

individual consumers own the telephones. Thus, unwanted and unauthorized text messages intrude upon private property, invade the privacy of the cell phone owner, inconveniences the recipient of an unwanted and unauthorized text messages who have to deal with it and takes up space on the recipients cell phone which cannot be used for other purposes until the space is cleaned up by the cell phone owner.

13. The Defendants O'Rourke and Beto for Texas working in concert with the Defendant TOSKR used an especially pernicious form of advertising to promote Defendant O'Rourke's political agenda: the transmission of unwanted and unauthorized text messages to consumer's cellular telephone numbers throughout the state of Texas and this district without prior express consent of the recipients of the text messages and with complete disregard of everyone's rights to be free of such intrusions.

14. These text message are made en masse to hundreds of thousands if not millions of recipients who have never provided prior express consent to the Defendants for Defendants text messages. These text message are sent by Defendant TOSKR on behalf of the Defendants O'Rourke and Beto for Texas.

15. The unwanted and unauthorized text message was made to Plaintiff's cellular telephone number 281-46X-XXXX on September 10th, 2022 at 10:51 a.m. from the number 3465121404. That number when called by a land line or cell phone is constantly

busy but is nevertheless a working number that responds to "STOP" commands. The Defendant TOSKR has programmed its automated system to respond with a recording of a busy signal whenever the number is called.

16. The text message that was sent by the Defendants to Plaintiff's cellular telephone number 281-704-XXXX states:

    "Hi Joe, this is Beto for Texas. Beto is running for governor to fully invest in our kids' schools, raise the statewide minimum wage, and expand Medicaid to ensure every Texan can get the care they need. Can we count on your vote for Beto in the upcoming election? STOP=opt out."

17. The invasion of privacy was made even more egregious due to the fact that the text message was made after Plaintiff's verifiable demand to Defendant O'Rourke personally to cease such behavior. The Plaintiff has made every possible attempt to put a stop to the unwanted and unauthorized text messages from Defendant O'Rourke including communicating his demand to Defendant O'Rourke's attorney, William Raney. In response to Plaintiff's demand Plaintiff received a letter from Defendant O'Rourke's attorney, William Raney, which states: "…you will not be contacted again." Opting out is a useless endeavor as opt outs are intentionally ignored. Consequently, texting back "STOP" is a useless effort as Defendants will intentionally ignore any and all "STOP" demands.[1]

---

[1] In addition to mailing cease and desist letters Plaintiff Texted "STOP" on January 9th, 2020 for text from Jon Camarillo,

## DEFENDANTS AUTOMATIC TELEPHONE DIALING SYSTEM

18. The technology used by the Defendants to send millions of unwanted and unauthorized text messages fits the definition of automatic telephone dialing system. Defendant TOSKR's text message system is a computerized dialing system which may not be programmed to, but can be programmed to store or produce telephone numbers to be called using a random or sequential number generator. Simply put Defendant TOSKR's system has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

19. Defendants ATDS has the capacity to store telephone numbers. Defendants ATDS has the capacity to text cellular telephone number automatically. Defendants ATDS has the capacity to text cellular telephone numbers without human intervention. Defendants ATDS has the capacity to automatically dial cellular telephone numbers sequentially or randomly. Defendants ATDS selects cellular telephone numbers to be texted according to programming code controlled by the Defendant TOSKR. Defendants ATDS is programmed to text cellular telephone numbers simultaneously and en masse. Users of Defendants ATDS cannot manually dial a cellular telephone number.

---

Texted "STOP" on February 1st, 2020 for text from Dennis Paul, texted "STOP" on September 25th, 2020 for 2nd text from Dennis Paul and texted "STOP" February 29th, 2020 for text from Take Action Texas all of which used the Defendant TOSKR's system.

7 of 18
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

20. Defendant TOSKR's system is set up to appear as if individuals manually enter and send the text messages. This is intentionally done to make it appear that the text messages are sent from personal cell phones. But then the mass text messaging system used by the Defendants does not use personal or individual cell phones. That is not how the Defendant TOSKR's system works. The system is a web based mass autodialing application. The system was set up to blast as many as two (2) text messages per second or as many as 300 per hour which is exactly what Congress was addressing with the TCPA's prohibition on automatic dialers. This information is verifiable from instructional and training videos entitled "Beto Dialer Call Tool", "Your First Texting Shift" and "Beto for Texas Texting Team Instructional Video"[2] which clearly instructs the click monkey to click on send repeatedly as fast as they can. These videos prove that the TOSKR system (formerly Relay now GetThru) is an ATDS.

21. Further, on the website getthru.io Defendant TOSKR brags about sending over 1 billion texts and 750 million robocalls which is an impossibility if the cell phone numbers were manually dialed. It would take, at 1 minute per manually created and sent text, 16.6 million hours to manually create and manually dial and send a billion text messages. On the same website the

---

[2] Available at https://www.youtube.com/watch?v=M8w6MHDKbk0

8 of 18
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Defendant TOSKR brags that their texting platform is: "...5X faster than power dialers and 10 times faster than **hand dialing** (emphasis added)". Defendant TOSKR's claim is an admission that its system does not manually dial telephone numbers.

22. The actual dialing of the cell number is completely automated. A click monkey, a perfunctory human, is presented with a steady stream of cell phone numbers and a send button for each cell phone number. The system automatically changes any name within the text message when needed but otherwise uses the exact same text message over and over again. The click monkey than clicks on send as fast as they can whereupon the system automatically dials the cell phone numbers presented to the click monkey. There is no manual dialing of any cell phone numbers as required by the TCPA and Federal Communications Commission (hereinafter "FCC") rules and interpretations.

23. No live conversation ever occurs with these click monkeys. Plaintiff texted a reply of "Who is this?" and approximately 7 hours and 23 minutes later Plaintiff received a response from someone claiming to be a volunteer with Beto for Texas. Again this is a ruse to make everyone believe that the system is TCPA "compliant". In reality, a click monkey is nothing more than an automated screen poker.

24. The Defendants acting in concert made the text message complained about. The text message was made on behalf of and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

with the knowledge of Defendants O'Rourke and Beto for Texas. The text message campaign was paid for by the Defendant O'Rourke from funds that Defendant O'Rourke had raised for his campaign. Another PAC created by Defendant O'Rourke, Powered by People, was paid by the Defendant Beto for Texas which in turn paid Defendant TOSKR for the text message campaign.

25. Defendant TOSKR provided access to, instructions on and training on its automated text system to the click monkeys working for Defendants O'Rourke and Beto for Texas. Defendant TOSKR provided the telephone number that the text message was sent from. Defendant TOSKR intentionally programmed its system to send text messages as fast as a click monkey could click on send. Defendant TOSKR scrubs landlines from purchased uploaded lists so that only cell phone numbers are targeted by Defendant TOSKR's mass texting system. In other words the TOSKR platform was designed specifically for a perfunctory human to facilitate sending text message calls rapidly and en masse regardless of any prior express consent from the text message recipients.

## THE TCPA

26. Text messages are "automatically dialed calls" as defined by the TCPA, the FCC and all the courts that have had the opportunity to entertain similar claims. Text messages are indistinguishable from artificial or prerecorded voice calls. The TCPA's prohibition on artificial or prerecorded voice

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

calls to cell phone numbers applies to text messages as well. prerecorded voice calls spew the same message to millions of recipients just as political text messages spew the same message over and over again to millions of recipients.

27. Recently, entities seeking to circumvent the TCPA have claimed that an automatic telephone dialing system must be used to make text message calls to be regulated by the TCPA. Entities such as the Defendants use volunteers to click on cellular telephone phone numbers loaded on an automatic dialing device. The Defendants claim that any human intervention, i.e. a click monkey clicking on "Send", moves the automated system away from the TCPA proscriptions. Such an attempt to circumvent the TCPA belies the fact that the TCPA does not contain a human intervention exemption. All artificial or prerecorded voice calls including text message calls made to cellular telephone numbers are prohibited by the TCPA without consent of the called party or emergency purpose **no matter how the text message call is made or received** (emphasis added).

28. But then inserting a human to make one step of an automated process does not magically convert the system into a manually dialed telephone system. Further, the TCPA was created to regulate automated calls to cell phone numbers which includes text messages. The automated system used by the Defendants

intentionally employs click monkeys to repeatedly click on a list of cell phone numbers as a means to circumvent the TCPA.

29. The cellular telephone numbers uploaded into the text message system are purchased in bulk and made available in bulk form by Defendants autodialing mass texting system to the click monkey who then clicks on "send" as much as 300 times per hour. This is exactly the behavior the TCPA prohibits.

30. The Defendants purchased lists of every Texas cell phone number they could get their hands on and then released a tsunami of text messages targeting those numbers without prior express consent of the recipient. For those with limited income who pay for each text message the Defendants behavior was the same as stealing a dime from every Texan's pocket. Making people pay for a political text message campaign is not only abhorrent it is a violation of many civil and criminal laws of this country. It is definitely a violation of the TCPA and TB&CC.

31. The proscription on text messages without consent of the called party or an emergency purpose applies to **all** (emphasis added) text messages regardless of the merit of the message. That includes text message calls for political and even charity purposes. Defendant was placed on notice about such a proscription in an advisory made public by the FCC on September 11th, 2012 (DA 12-1476), on October 21st, 2014 (DA

14-1505), on March 14th, 2016 (DA 16-264) and again on November 18th. 2016 (DA 16-1299). Additionally, the FCC maintains a web page with the same proscriptions[3].

32. It should be noted that the advisories specifically include text messages: "(including autodialed live calls, prerecorded or artificial voice messages, **and text messages**)" (emphasis added). Note that the FCC distinguishes between autodialed live calls and text message calls.

33. The only two exemptions in the TCPA for automated mass texts or robocalls are prior express consent of the called party or an emergency purpose and neither exemption applies to Defendant's unwanted and unauthorized text message. There was never any consent from the called party and the text message calls were not made for any emergency purpose.

34. The Defendant O'Rourke need not be the one that actually initiated the text message to Plaintiff's cellular telephone number to be liable for the violation(s) of the TCPA. The TCPA, the FCC and the courts consider those on whose behalf a violation of the TCPA occurred to be liable for such violation(s). This is a wholly reasonable assessment of the statutory schema, given that Congress found that such calls are an inconvenience, a nuisance, an invasion of privacy, a

---

[3] Available at: https://www.fcc.gov/rules-political-campaign-calls-and-texts

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

threat to public safety and cost the recipient both time and money. Further, Defendant O'Rourke has authorized his campaign to act on his behalf and has ratified his liability by accepting the rewards from the mass texting campaign. Therefore, Defendant O'Rourke is vicariously liable for the unwanted and unauthorized text message to the Plaintiff's cell phone number.

## TEXAS BUSINESS AND COMMERCE CODE

35. TB&CC §305.053 provides for a separate private right of action for the receipt of a communication which violates **any** of the rules of the TCPA or **any** provision under the CFR implementing the TCPA. Unwanted and unauthorized text messages made to cellular telephone numbers without prior express consent of the called party or an emergency purpose are an invasion of the called party's privacy a quantifiable and actionable injury under TB&CC §305.053.

36. The Texas Statute prohibition on text messages without consent of the called party or an emergency purpose applies to all text messages regardless of content. Because the TB&CC provides for a private right of action for any violation of the TCPA[4], including identification requirements, the TB&CC is more restrictive then the TCPA.

---

[4] The TB&CC private right of action applies to even 1 unwanted telemarketing call in a twelve month period.

## VIOLATIONS OF THE TCPA

37. Plaintiff realleges and incorporates the allegations above as though fully set forth herein.

### Count I

38. On or about September 10th, 2022 at or about 10:51 a.m. an unwanted and unauthorized text message was sent to Plaintiff's personal cellular telephone number 281-704-XXXX. The text message was sent to Plaintiff's cell phone number by the Defendants acting in concert. There was never any prior express consent from the Plaintiff for such a text message to be sent to Plaintiff's cellular telephone number. Thus the sending of such text message is a violation of 47 U.S.C. (b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii).

## VIOLATIONS OF THE TB&CC

39. Plaintiff realleges and incorporates the allegations above as though fully set forth herein.

### Count II

40. On or about September 10th, 2022 at or about 10:51 a.m. an unwanted and unauthorized text message was sent to Plaintiff's personal cellular telephone number 281-467-XXXX. The text message was sent to Plaintiff's cell phone number by the Defendants acting in concert. There was never any prior express consent from the Plaintiff for such a text message to be sent to Plaintiff's cellular telephone number. Thus the

sending of such text message is a violation of TB&CC §305.053.

## APPLICABLE TO ALL COUNTS

41. Plaintiff has suffered actual damages for the invasion of Plaintiff's privacy caused by the unwanted and unauthorized text message to his personal cellular telephone number. The TCPA and TB&CC each state that an individual may bring a civil action against a person who violates the TCPA for actual or statutory damages for **each** violation of the TCPA. See 47 U.S.C. §227(b)(3) and TB&CC §305.053(a). Consequently, Plaintiff hereby seeks statutory damages of $500.00 for each violation of the TCPA and $500.00 for each violation of the TB&CC. Thus, Plaintiff seeks $1,000.00 for Count I (1) and Count II (2) for violations of the TCPA and the TB&CC.

42. Plaintiff additionally alleges that the violations of the TCPA and TB&CC committed by the Defendants were done willfully and/or knowingly. Certainly, the false claims that the text message is exempt from the TCPA exemplifies specific knowledge of the TCPA and a willful and knowing attempt to circumvent the TCPA. Therefore, Pursuant to 47 U.S.C. (b)(3) and TB&CC §305.053(c) Plaintiff seeks additional damages in an amount determined by the Court to be equal to treble the amount found by the Court in accordance with Paragraph 41 hereof.

## PERMANENT INJUNCTIVE RELIEF

43. An injunction is a matter of law pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053. Plaintiff and all members of the public will benefit from injunctive relief. Further, Defendant O'Rourke was sued for the exact same behavior in Syed v. Beto for Texas et al Case No.: 3:18-cv-02791-L (ND TX Dallas Div filed October 18th, 2018). Apparently, being sued and being threatened by Plaintiff with a law suit to cease the illegal mass texting activity means nothing to the Defendants.

44. Plaintiff alleges that Defendant(s) will continue to irreparably harm Plaintiff and others by continuing to send unwanted and unauthorized mass text messages to Plaintiff's and other members of the public's cellular telephone numbers without prior express consent of the mass text message recipients. Plaintiff alleges that the Defendants will continue to irreparably harm Plaintiff and others by trespassing on private property without consent of the property owner. Plaintiff alleges that Defendant(s) will continue to irreparably harm Plaintiff and others by oppressively, recklessly and intentionally invading the privacy of members of the public.

45. Consequently, Plaintiff, pursuant to 47 U.S.C. §227(b)(3), and TB&CC §305.053 hereby seeks a permanent injunction

barring the Defendants from continuing to violate the TCPA by:

a. Making or assisting, facilitating, permitting or causing text messages or robocalls to be sent en masse to lists of purchased cellular telephone numbers of members of the public without 1st obtaining prior express consent of each recipient of the text message or robocall.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays that the Defendants be cited to appear and answer herein and that upon trial hereof Plaintiff recover a judgment of and from the Defendant for his damages, equally and severally, as allowed by law, treble damages, as allowed by law, injunctive relief as allowed by law, all costs of court and for all such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

*Joe Shields*

Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603
Email: antitelemarketer@gmail.com